**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Tom Bean, | ) | No. CV 11-8028-PCT-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| John Wiley & Sons, Inc., | ) | |
| Defendant. | ) | |

We have before us defendant's partial motion to dismiss (doc. 31), plaintiff's response (doc. 37), and defendant's reply (doc. 41). Defendant moves to dismiss plaintiff's claims for fraud and some of his claims for copyright infringement.

**I**

Plaintiff is a professional photographer who resides in Flagstaff, AZ. Defendant is a New York corporation that publishes educational textbooks. Plaintiff sold defendant limited licenses to use a number of plaintiff's photographs in several publications. The licenses were limited as to the number of copies published, the distribution area, language, duration, and form of media. Plaintiff alleges that defendant's use of plaintiff's photographs exceeded the use permitted by the terms of the licenses, or in some cases, used photographs without seeking any permission first. Plaintiff asserts claims for fraud and copyright infringement, in violation of 17 U.S.C. § 501, et seq. This action is one of four actions that plaintiff has brought against different publishers in this District. See Bean v. Houghton

1   Mifflin Harcourt Publishing Co., et al., No. CV 07-8063; Bean v Houghton Mifflin Harcourt
2   Publishing Co., No. CV 10-8034; and Bean v. Pearson Education Inc., No. CV 11-8030.

**II**

Defendant argues that plaintiff has failed to plead fraud with particularity as required by Rule 9(b), Fed. R. Civ. P. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To avoid dismissal, a claim for fraud must state "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." Sanford v. MemberWorks, Inc., 625 F.3d 550, 558 (9th Cir. 2010) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)). Defendant argues that plaintiff's allegations are insufficient because he has failed to identify specific statements that are "misrepresentations."

Plaintiff argues that his fraud claims are limited to the photographs identified in the solicitation letters from defendant that are attached to plaintiff's complaint. See Complaint, ex. C, "Solicitation Letters" (doc. 1-3). Plaintiff contends that these letters provide the "who, what, when, and where" of the misrepresentations. The letters contain information about the photographs requested and the print runs for the publications, or in some cases, estimated print runs. Plaintiff alleges that defendant represented that the photographs would not exceed the limitations stated in the solicitation letters, and then points to the attached letters as "examples" that set forth the details of the misrepresentations. Complaint, ¶ 9. Plaintiff later states in his complaint that defendant's acts "constitute common-law fraud with respect to the photographs identified in Exhibit C." Complaint, ¶ 22.

We conclude that for the photographs listed in the solicitation letters, plaintiff has adequately stated a claim for fraud. Each letter provides the time, place, and content of the misrepresentation, and the identity of the parties to the misrepresentation. "Reading these letters in the light most favorable to [plaintiff], these statements could be construed as representations that [defendant] would not exceed the licenses by printing more than" the stated number of copies. Wood v. Houghton Mifflin Harcourt Pub. Co., 569 F. Supp. 2d

1135, 1140 (D. Colo. 2008).

However, plaintiff has not adequately pled a claim for fraud in relation to all photographs for which he has not provided solicitation letters. Plaintiff recognizes as much by clarifying that he brings his fraud count only with respect to the photographs identified in the solicitation letters. Complaint, ¶ 22. As plaintiff realizes, the general allegations in his complaint are insufficient under Rule 9(b) to support a fraud claim for the other photographs identified in Exhibits A and B. Accordingly, we accept plaintiff's assertion that he has not brought claims for fraud with respect to the photographs not identified in Exhibit C.

Defendant also argues that all the fraud claims should be dismissed because plaintiff has not stated the factual basis for his allegation that defendant knew its actual uses would exceed the permission requested and that defendant intended to obtain access at a lower cost. We conclude that plaintiff's allegations are adequate because under Rule 9(b), Fed. R. Civ. P., knowledge and intent may be alleged generally. The only aspects of fraud "that require particularized allegations are the factual circumstances of the fraud itself." Sanford v. MemberWorks, Inc., 625 F.3d 550, 558 (9th Cir. 2010); see also Flowers v. Carville, 310 F.3d 1118, 1131 (9th Cir. 2002) ("That she averred the required state of mind generally, without alleging corroborating evidence, does not defeat her complaint."). Plaintiff alleges that at the time defendant solicited the licences, it knew its use would exceed the permission requested and that it intended by its misrepresentation to obtain access at a lower cost than it would have paid had defendant been honest about its intended usage. Complaint, ¶¶ 10–11. These allegations are sufficient at the pleading stage.

Defendant also argues that the fraud claims fail because the allegedly false representations did not relate to an existing fact or past event. A claim for fraud generally cannot lie where the allegedly false or misleading representation relates to future prospects or performance. See Dawson v. Withycombe, 216 Ariz. 84, 96, 163 P.3d 1034, 1046 (Ct. App. 2007) (citing Law v. Sidney, 47 Ariz. 1, 4–5, 53 P.2d 64, 66–67 (1936)). However, a forward-looking statement may be actionable where defendant made the statement with

1 actual knowledge that the prediction will not be met. Id. Plaintiff alleges that defendant knew at the time it made the requests that its use would exceed the permission it requested. Complaint, ¶ 10. Plaintiff has sufficiently alleged that defendant made forward looking predictions about print runs with actual knowledge that they would be incorrect

Defendant argues that plaintiff cannot state a claim for fraudulent concealment because defendant did not owe plaintiff a duty. Motion to Dismiss at 11. However, plaintiff states that he has not asserted a claim for fraudulent concealment. Response at 7. We therefore do not address this argument.

We therefore deny defendant's motion to dismiss the fraud claims as to the photographs identified in Exhibit C of plaintiff's complaint. The motion is moot as to the other photographs because plaintiff does not assert fraud claims related to them.

**III**

Defendant argues that plaintiff's claims for copyright infringement of certain photographs fail because the photographs were never properly registered. Plaintiff may not bring an action for infringement until he has registered or preregistered the work. 17 U.S.C. § 411(a). According to defendants, Corbis Corporation, a stock photo agency, filed certain of plaintiff's copyright registrations. In a separate action, this Court has already found those registrations to be invalid because Corbis did not comply with the registration requirements of 17 U.S.C. § 409. See Bean v. Houghton Mifflin Harcourt Publishing Co., No. CV 10-8034, 2010 WL 3168624 (D. Ariz. Aug. 10, 2010). The Court concluded that Corbis's registration of six compilations containing thousands of photographs by different authors was not effective in registering the individual works in the compilations to the individual authors. Corbis failed to provide the titles of the individual photographs, the names of the all of the authors, and the connection between individual author and photograph. Because Corbis did not comply with the registration requirements of 17 U.S.C. § 409, plaintiff's claims for infringement failed as a matter of law. Additionally, in a separate action in this District, the Court adopted the ruling in Bean v. Houghton Mifflin and concluded that with respect to the images in the six compilations, plaintiff failed to allege that the images are properly

registered. Bean v. Pearson Educ., Inc., No. CV 11-8030 (D. Ariz. May 17, 2011). See also Muench Photography, Inc. v. Houghton Mifflin Harcourt Publishing Co., 712 F. Supp. 2d 84, 95 (S.D.N.Y 2010) (registration of compilation by Corbis that did not include names of all authors did not effectively register the individual images). We also adopt the ruling that this Court has now made twice. Because the registrations are invalid, plaintiff cannot allege registration of the copyrights for the images in the six compilations, and therefore plaintiff cannot state a claim for infringement with respect to those photographs.

**IV**

**IT IS ORDERED GRANTING IN PART AND DENYING IN PART** defendant's motion to dismiss (doc. 31).

**IT IS ORDERED GRANTING** defendant's motion to dismiss plaintiff's claims for copyright infringement with respect to the images contained in the Corbis compilations.

**IT IS ORDERED DENYING** defendant's motion to dismiss plaintiff's claims for fraud.

DATED this 3rd day of August, 2011.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge