**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Tom Bean, | ) | CV 11-08028-PCT-FJM |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| John Wiley & Sons Incorporated, | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff is a professional photographer.  Defendant publishes educational textbooks.  Plaintiff alleges that defendant infringed his copyrights by unlawfully reproducing his photographs in its textbooks.

The court has before it plaintiff's motion to compel keys explaining spreadsheet codes (doc. 84), defendant's response (doc. 88), and plaintiff's reply (doc. 94).  We also have plaintiff's motion to compel production of documents (doc. 85), defendant's response (doc. 90), and plaintiff's reply (doc. 95).

**I**

In the course of discovery, plaintiff requested defendant to produce printing, sales, and distribution data.  Defendant maintains this information in an electronic database called CORE.  Defendant produced the requested information, first in the form of screenshots and then (upon plaintiff's request) in excel spreadsheet format.  Several of the column headings and spreadsheet cells include abbreviations.  For example, one spreadsheet includes the

following: "INV ADJ Units (life to date)," "VG Enc PAG," "LM4E," "BRV." and "IRCD." Reply to Mot. to Compel Keys, ex. A.  Plaintiff asked defendant to provide a key to each spreadsheet that would define each abbreviation.  Defendant refused, stating that plaintiff already knows the meaning of the terms from deposition testimony, and stating that it is not required to create documents that do not currently exist.  Plaintiff moves for an order compelling defendant to produce keys defining the spreadsheet codes.

A party may request electronically stored information ("ESI") that is "stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form."  Fed. R. Civ. P. 34(a)(1)(A).  The rule explicitly places the burden of translating the data on the responding party (in this case, the defendant).  Although spreadsheets are generally a useable form, defendant's use of cryptic abbreviations without definition renders these portions of the spreadsheets meaningless, just as if the data had been produced in code or in a non-readable format.

Defendant complains that because plaintiff has learned the meaning of the abbreviations through deposition testimony and informal communications with counsel, providing this information is duplicative and improperly burdensome.  We disagree.  It is defendant's burden to translate ESI into a useful format.  Plaintiff has already provided defendant with a list of abbreviations for which it seeks a definition.  Reply to Mot. to Compel Keys, ex. A.  Requiring defendant to supply definitions already in its possession is not overly burdensome compared to requiring plaintiff to sift through pages of documents. Plaintiff's motion to compel keys explaining the spreadsheets is granted.

**II**

Next, plaintiff moves for production of documents responsive to two requests.  First, plaintiff seeks documents that identify similar claims of unauthorized use of visual art brought against defendant (Document Request 46).  Second, plaintiff seeks transcripts of deposition testimony of employees and agents of defendant from substantially similar actions

1  (Document Request 47).[1]  Plaintiff states that the existence of similar claims by other

2  photographers is relevant to the issues of defendant's willfulness and notice.  Plaintiff also

3  expects that deposition transcripts likely contain relevant information regarding defendant's

4  business operations and whether defendant has a policy of knowing copyright infringement.

5  Defendant objects, arguing that the two actions filed against it not involving plaintiff's

6  counsel concern different photographs, licensing transactions, and publications.  Moreover,

7  defendant argues that plaintiff may seek his own discovery in this case to uncover

8  information about defendant's business operations and policies.  In his reply, plaintiff quotes

9  from depositions already in his possession to bolster his argument that the other deposition

10  testimony he seeks will be directly relevant to the issues of notice and willfulness.  Plaintiff

11  also argues for the first time that he seeks production of the transcripts for impeachment

12  purposes.  We do not consider new arguments raised in a reply.  See Eberle v. City of

13  Anaheim, 901 F.2d 814, 818 (9th Cir. 1990).

14      Plaintiff does not dispute defendant's observation that the remaining two infringement

15  cases against it concern different photographs, licensing transactions, and publications.  We

16  are not persuaded that the additional information sought - from cases involving different

17  publications and different licensing processes - is likely to lead to discovery of admissible

18  evidence and result in a benefit to plaintiff greater than the burden on defendant of

19  production.  See Fed. R. Civ. P. 26(b)(1); id. 26(b)(2)(C).  Plaintiff's motion to compel

20  production of documents responsive to Document Request 46 and 47 is denied.

21                        **III**

22      We have granted one motion to compel and denied the other.  Both motions and

23  responses were substantially justified.  See id. 37(a)(5).  Rather than ordering defendant to

24  pay plaintiff fees for one motion and plaintiff to pay defendant fees for the other, we think

25  it best to call it even.

26

27  ————————————

28      [1]Plaintiff is not requesting deposition transcripts for cases in which its own counsel represented the plaintiff, as counsel already possesses copies.

1    **IT IS ORDERED GRANTING** plaintiff's motion to compel keys explaining

2  spreadsheet codes and fees (doc. 84).  Defendant shall provide plaintiff with a key defining

3  all terms contained in Exhibit A to plaintiff's reply (doc. 94) within five days of the date of

4  this order.

5    **IT IS ORDERED DENYING** plaintiff's motion to compel production of documents

6  (doc. 85).

7    Each party to bear its own fees and costs.

8    DATED this 17th day of January, 2012.

9

10  _____

11  Frederick J. Martone
    United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28