**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tom Bean, ) | CV 11-08028-PCT-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| John Wiley & Sons Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

The court has before it plaintiff's motion to compel production of electronically stored information (ESI) (doc. 91), defendant's response (doc. 98), and plaintiff's reply (doc. 105).

Plaintiff alleges that defendant infringed his copyrights by unlawfully reproducing his photographs in several of its textbooks. On April 12, 2011, plaintiff served document requests on defendant requesting, among other things, 1) documents relating to any policy enabling defendant to monitor the total number of the allegedly infringing books printed and the duration of licenses for those books (document request 20), 2) documents relating to defendant's decision to continue to print and sell the books after plaintiff's complaint was filed (document request 22), and 3) documents showing the differences in content between book versions (document request 38). Defendant conducted a search of its ESI and produced documents on November 11, 2011. Counsel exchanged several emails between November 11, 2011 and December 13, 2011 relating to the ESI production. Pursuant to our Rule 16 scheduling order (doc. 63), all discovery was to be completed by December 13, 2011.

1 Plaintiff filed this motion on December 21, 2011. Plaintiff asks for an order compelling
2 defendant to search six additional employee email accounts in response to document requests
3 20 and 22. Plaintiff also seeks an order compelling defendant to conduct email searches for
4 documents responsive to document request 38. Before this motion was fully briefed, on
5 January 13, 2012 (the deadline for filing dispositive motions) plaintiff filed its motion for
6 partial summary judgment (doc. 100). Defendant did not file a motion for summary
7 judgment.

8 Plaintiff's motion to compel, filed eight days after the discovery deadline, is untimely.
9 See Days Inn Worldwide, Inc. v. Sonia Invs., 237 F.R.D. 395, 397-98 (N.D. Tex. 2006)
10 (collecting cases looking to discovery deadline date to determine whether a motion to compel
11 is timely filed); Rogers v. Brauer Law Offices, PLC, CV-10-1693-PHX-LOA, 2011 WL
12 3665346, at *4 (D. Ariz. Aug. 22, 2011) (collecting Ninth Circuit cases where courts have
13 denied discovery motions filed after the discovery deadline). When faced with a motion to
14 compel that is filed after the close of discovery, courts consider a number of factors in
15 deciding whether the motion to compel should nevertheless be considered:

> (1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, (7) the age of the case, (8) any prejudice to the party from whom late discovery was sought, and (9) disruption of the court's schedule.

Days Inn, 237 F.R.D. at 398. Because our granting the motion to compel would result in a "*de facto* modification of the scheduling order," Rogers, 2011 WL 3665346 at *4, we examine the Days Inn factors to determine whether there is good cause to modify the Order's December 13, 2011 discovery deadline. See Fed. R. Civ. P. 16(b)(4). We primarily consider the moving party's diligence in deciding whether good cause exists. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

Plaintiff argues that the above factors weigh in favor of finding his motion timely. He contends that the "slight delay" in bringing this motion was due to his attempt to resolve the dispute without judicial intervention. Reply at 2. Our review leads us to the opposite

- 2 -

1 conclusion. Plaintiff served his requests for production seeking the above information in
2 April 2011. Defendant produced responsive emails on November 11, 2011, and plaintiff felt
3 that these responses were inadequate. Despite the fact that seven months had passed since
4 the documents were requested and despite the looming discovery deadline, plaintiff chose
5 to exchange emails with defense counsel for another month. Communication apparently
6 broke down on December 13, 2011, the date discovery was due. But plaintiff did not request
7 an extension of the discovery deadline to file a motion to compel. Instead, plaintiff waited
8 another eight days before filing this motion. Plaintiff offers no reason why it could not have
9 filed its motion at least by the December 13, 2011 discovery deadline. "[T]here comes a
10 point in time in every case, as deadlines approach, when 'the gloves come off' and a motion
11 to compel must be filed." Rogers, 2011 WL 3665346, at *5. In this case, that time came
12 prior to December 13th.

13 In sum, we conclude that plaintiff has not been diligent in pursuing a discovery order
14 prior to the close of discovery. No good cause exists to modify the discovery deadline in the
15 Rule 16 order.

16 **IT IS ORDERED DENYING** plaintiff's motion to compel (doc. 91). Each party to
17 bear its own costs.

18 DATED this 1st day of February, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge